Good morning, Your Honors. May it please the Court, my name is Ronald Freshman, and I'm here to represent Timothy Johnston, the appellant. I'd like to present four issues. You can bring those mics in closer. Absolutely. Thank you. Does that look better? A little bit, but keep your voice up. Okay. Thank you. Sure. There are four issues that I'd like to bring to the Court's attention. The first issue is MERS role as interpreted by the Court pursuant to the deed of trust. Second would be Bank of New York Mellon's role. Could you say that again? Sure, of course. MERS role as interpreted by the Court pursuant to the deed of trust. The second issue is Bank of New York Mellon's role in this matter. The third issue is the procedural error by the lower court. And the fourth issue is MERS business model. Starting off with the first issue, the Ninth Circuit has clearly stated that MERS is an agent of the lender. That support is found in Cervantes v. Countrywide Loans, Home Loans, excuse me, Incorporated. MERS cannot foreclose in its own name because it's an agent of the lender forward slash beneficiary and can only do so under the direction of its principal. MERS does not have an independent interest. No beneficial interest? It has no beneficial interest. Now, what case says that MERS has no beneficial interest? Well, the one that I was, that I, that we actually cited is called MERS Electronic Registration Systems, Inc. v. Saunders, S-A-U-N-D-E. And what's the citation for that case? Is that a Ninth Circuit case? It is A3rd 289-294- A3rd, what state is that? Oh, 2A3rd, excuse me. 2A3rd, so what state is that from? I believe- Sounds like a state case. Yeah, Pennsylvania or something, I think. Yeah. Pennsylvania, Maryland or something like that. Of course, you know that's not, that doesn't have much traction here. Right. The other case, Your Honor, is Fontenot v. Wells Fargo, North N.A., which is 198 Cal App, 4th 256-273. Could you, have you read Mortgage Electronic Registration System v. 2 Robinson, which is a Ninth Circuit court case, although it's a- Yes. Doesn't that say that MERS must be cited, must be named, as part of a state court acquired title proceeding? I understand that that was what the finding is, that that's what they held. It's not persuasive for us, it's not binding precedent because it's not an opinion, but isn't that persuasive? It is persuasive, I do, I understand. So why should we hold differently in this case? Well, essentially MERS's role is it's a beneficiary as a nominee. Right. It's acting, MERS is acting as an agent, excuse me, as an agent acting as a beneficiary. It is not the actual beneficiary because it's not entitled to payments. That's the business model argument that you have. Yes. While it is not perhaps the most transparent way of conducting business, there's nothing illegal about it? No, it's not necessarily that it's illegal, but it's really only a nominal beneficiary. It can only act as an agent. That's basically the point that I'm making here with respect to MERS' role and what the Ninth Circuit has told us. In fact, under a case called Born v. Coop, when an owner of a debt transfers an interest to an agent to act on its behalf, it does not mean it's transferring an ownership interest. So MERS as an agent, it has no greater capacity than its principal, and that again is found in Fontenot v. Wells Fargo. As an agent, wouldn't that militate toward being entitled to service if there is any action that's being taken on the race? It could, Your Honor, and I think even in our brief, we said that MERS is actually not bound by the quiet title judgment. But who is? And that's where I'm getting to, if you'd allow me. So you're saying, of course, you're saying MERS isn't bound, but Bank of New York is. Absolutely. But MERS is bound by what can only act up into its principal's capacity, and I'll get to that in just a moment if it's okay. Thank you so much. So you're on your first point, I'm sorry. I am. No problem, Your Honor. So here, South Star is in FTB forfeited status. So South Star, who is the record in the land records, is the lender, has no rights or powers to act in California because it is forfeited. And that proposition, a suspended or forfeited business entity loses its powers, rights, and privileges within the State of California under Revenue and Taxation Code Section 23301. So our position is, and I understand Robinson, so this is our position, MERS was not entitled to notice beyond what was given to South Star, but assuming arguendo, even if it was entitled to notice pursuant to Robinson, it had no capacity to act in California because its principal lacked legal capacity to act. MERS can't come into the court and say South Star cannot do anything, but we, MERS, as an agent of that principal, can on South Star's behalf. So since an agent has no more capacity than its principal, it can't act either. So Fontenot v. Wells Fargo Bank is support for that. So at the time of the quiet title judgment, Your Honors, South Star was the principal of record, and because it was FTB, it had no voice because a suspended entity may lose its ability to prosecute or defend actions, and that was found in the City of San Diego v. San Diegans for Open Government. It's a 2016 case, 3 Cal App, 5th, 568. Who had capacity to act with respect to the assets of South Star? That's a good question, Your Honor, and I don't actually have an answer for that. Well, if not South Star, somebody else did. Yes, and they're unknown. But I thought South Star had transferred its rights to Bank of New York. Well, so they allege, and they allege that through a declaration, and I'm getting to that too, they allege that through a declaration in a reply to the motion for summary judgment, which is not allowed. Did the district court rely at all on the purported transferal of the right from South Star to Bank of New York? It appears that it did, but I can't be certain of that, Your Honor, and I apologize for not having a question. Why do you say that a plaintiff in a motion for summary judgment, pardon me, a movement in a motion for summary judgment cannot raise the fact that it has transferred the title from South Star to Bank of New York? Well, Your Honor, under what is, and I was going to... Are you talking about Local Rule 710? Well, actually I'm talking about, it's a procedural error. Under Federal Rule Civil Procedure 6D, the purpose is to give the non-moving party notice and a reasonable opportunity to respond to the moving party's summary judgment motion in supporting evidence. Yeah, but if the non-moving party raises an issue for the first time, then the moving party has an opportunity to reply to it, right? No, see, in this particular case, Your Honor, and that's where it's kind of backwards, they needed to provide that declaration because they knew about it at the beginning when they filed the motion. But what they did is they said, ah, it's the 11th hour and 59th minute and here's the reply and here's what I'm going to do. I'm going to put in this declaration without giving Mr. Johnston an opportunity to fully and fairly... Did you ask for a continuance? Pardon? Did you ask for a continuance? We didn't at that time. That was the opportunity. When the district court was considering the motion for summary judgment, if there's something there that needs to be addressed, then the non-moving has the opportunity to address the matter before the district court decides the summary judgment motion. Yes, and Your Honors, I was unaware of that particular opportunity. What do you mean you were unaware? I did not know that I could have asked the court for additional time to do that. Was there a hearing? No, there was not. It was all done on the papers. Counsel, I want to take a little different approach in my questions. I understand your legal arguments and the court will wrestle with those and decide, but in fact, why didn't you try to quiet title in favor of your client? Why didn't you include MERS? The state statute seems to require it. The circuit case law seems to require it. You're trying to quiet title and settle things down for title for your plaintiff. Why not include them? At the time, MERS is kind of a funny bird, if you will, and I didn't realize that MERS actually required notice as an adverse entity. I thought only that I needed to basically let South Star know or file a Liz Pendens, also publication. So that information should have somehow been conveyed to MERS or at least the principal, and it didn't. So therein lies the reasoning. If I may continue, I'd like to keep a couple of minutes. The second point was the Bank of New York role. Yes, and so in MERS' reply, and we basically have talked about that. Essentially, Bank of New York Mellon concealed itself for six years from the world and from Mr. Johnston. My client attempted to reach out long before filing a quiet title complaint and said, hey, who owns my debt? Nothing. Absolutely nothing. So the bigger issue to me is who services my debt because that's who you have to pay the money to. So why is the owner of the note, why was your client trying to figure out who the owner was? Because in actuality, and this is done by Evenova versus in country, excuse me, Evenova versus New Century Mortgage, you're only required to pay the actual creditor. You're not required to pay, the servicer can let you know, but they still have to let my client know who that was. They, basically, Bank of New York Mellon hid silent, remained an unknown assigned, and because of that action, they chose independently to stay silent, and they only became known after the suit was filed, after the judgment was entered, after the Liz pendants, and finally sometime in April of 2013, they say, oh, where they are. But that's not how it works. It just doesn't seem right to me that someone should be able to quiet title if they still owe money on the note, regardless of who it's owed to. If there is still a balance outstanding on the note, just as a matter of equity, why is it fair for someone to be able to quiet title to their real property if they haven't paid for it? And I understand that, Your Honor, and although this is not a court of equity. It's not, but I'm just asking you why you think that's correct. And I do understand. They just need to know if they ask and they have a total right to understand and know to whom they're paying that money to, and that was really the only real issue, and they never came forth. They waited until long after. That doesn't answer my question. Why is it a fair outcome for your client to be able to quiet title on a note that hasn't been paid? To find out who the actual creditor is. Maybe the real one will come forward, and ultimately, at least seemingly so, they did. Okay, they came forward, so now he knows who the owner is. So why is he challenging the set-aside of the quiet title if now he knows who the owner is and that was the reason for the quiet title action? Well, the quiet title binds unknown assigns, and Bank of New York Mellon was an unknown assign. So it's bound by that judgment because it failed to act. It failed to take its own. It had a responsibility to do, to act. It chose not to. It wanted to play hide-and-go-seek, and it didn't care what Mr. Johnston knew or didn't know, and he tried several opportunities to do that. I'd like to reserve one minute. I'll give you one minute, but I want to ask you, what is the procedural error that you are saying? Oh, sure, and the procedural error was just simply that they actually, and we did discuss this, that the procedural error was that Mr. Johnston, that they provided that declaration by Aquan Thomas, and that was at the last minute, and it was procedurally incorrect. He needed to have a full and fair opportunity to litigate, which was not provided. Thank you, counsel. My pleasure. Thank you very much, Your Honors. Heather Stern. Good morning, Your Honors. Heather Stern on behalf of Mortgage Electronic Registration Systems, MERS Corp Holdings, Inc., the make of New York Mellon as trustee, and J.P. Morgan Chase Bank. May it please the Court, the judgment here should be affirmed. I actually think this is a pretty simple case. Robinson, Robinson, Robinson, persuasive, and not even cited in appellant's opening brief, and relied on. Is it a published case? As noted, it's a memorandum decision, not a published case. So we're not bound by it? No, I agree with that, Your Honor, but it is persuasive. It was relied on by the district court. It is on all fours, nearly identical. Is there any difference in the paperwork that was involved in Robinson in naming MERS and the paperwork that was involved here? No, no material difference that I'm aware of, Your Honor. On all fours, nearly identical as found by the district court. It was the same debt avoidance scheme, and that's what this is. It's a debt avoidance scheme. Mr. Freshman points out that MERS is only the agent of the owner, at best. But in the Robinson case, we designate, we characterize MERS as the nominee of the lender. That's correct. And the lender's successor, and as a beneficiary under the deed of trust. That's correct. Is that the same paperwork that's involved here? Absolutely. The deed of trust language is exactly the same in Robinson as it is here, which is it identifies MERS as the beneficiary and nominee for the lender and the lender's successors and assigns. And it identifies MERS three different times. In addition, here, when Johnston, the borrower, initiated his quiet title action in the state court, he actually attached a title report that showed MERS' interest on the title report, and yet MERS is not named. You dispute the claim that MERS is simply an agent of the owner of the note. Correct, I do. They are. It's actually not material, and that's one of the points made in Robinson and the points made below by the district court. It's not even material what MERS is. Whether you want to call it this, that, or the other thing, the bottom line is they were a known claimant of record, and they were not named in the quiet title action deliberately. Instead, what Johnston did is he only named the defunct lender that he knew to be defunct. He did not name the servicer to whom he was making mortgage payments. After he obtained the quiet title judgment in state court was when he defaulted on the loan, so it was done deliberately. There's no other alternative that you can reach looking at this record. He's got a deed of trust with the language identifying MERS. He's got a title report identifying MERS. He initiates a quiet title action. He even alleges in the quiet title complaint that the loan has been transferred. Here today he claims he doesn't know to whom it was transferred, but there's nothing in the record that I've seen that shows that before MERS initiated the federal district court case, before that time that Johnston ever did anything to try to find out who his lender was, he certainly knew to whom. You have to admit, counsel, that this is kind of a Byzantine circumstance where the servicer is different than the owner and the notes are transferred. Everyone who has a mortgage is aware of this, that the notes are transferred seriatim. It's really confusing as to what part MERS plays and what part the servicer plays, so you can admit that it can be confusing. I will grant you it can be confusing, but a decade of case law has shown in California and in the Ninth Circuit that MERS's role is not illegal. None of these borrowers' attacks on MERS's role as being, quote, unquote, deceptive or anything like that have gained any traction. Instead, there's a whole body of case law rejecting those attacks, and I would submit that here those attacks that have been rejected are important, certainly, but I get back to it's not even material because the borrower, regardless of whether you think MERS's claim is valid or invalid or this, that, or the other thing, it is a known claimant. How is MERS known as a claimant? It's known as a claimant here because the language of the deed of trust identifies MERS as the beneficiary and as nominee. The original deed of trust. Yes, correct. As the beneficiary and nominee for the lender and the lender's successors and assigns. It does so in three different times in the deed of trust. Also, there was a title report that was obtained by this borrower and counsel that was attached to their quiet title complaint that also named MERS, and the bottom line is. Could you stand up straight, counsel, please? I'm sorry, Your Honor. The bottom line also is they should know to whom they're making the mortgage payments. The servicer, as you said. And here the servicer was not named either, and they did not default on this loan until after they obtained the quiet title action in the state court. What's your response to opposing counsel's note that there was a procedure error in this case? Does it matter? I don't think it does, Your Honor, because at the bottom line of it, what they did here, as I think you were reflecting, borrowers should not be able to do this. A borrower can't even do this in bankruptcy court, which is void a first priority deed of trust without making payment on the debt. They can't even do this in bankruptcy court, and that's exactly what he tried to do here by naming a lender he knew to be defunct, South Star, not naming the party to whom he's making payments, not naming MERS even though MERS is identified right, wrong, or indifferent on the deed of trust and the title report. He didn't name known claimants, period, end of story. He got what was essentially a false and fraudulent quiet title judgment in the state court. Then he defaulted, and then when that came to light, that's when this action was brought in district court for the separate injury done to MERS, MERS court holdings, Bank of New York, Mellon, because they were not named in that quiet title action, and the title was clouded. What was the import of the declaration that the note had been transferred to Bank of America New York? Why was that important? Well, it was in rebuttal to points made in the opposition, and so that's why it was raised in the rebuttal. But it doesn't affect the fact that MERS was entitled to notice. Correct, correct, Your Honor, and no abuse of discretion, no error in considering that by the district court, and the appellate did not try to submit a surreply or seek, you know, further consideration by the court. There was no further request to the court to claim there was any kind of an ambush that needed to be addressed, period. Independent of what the law requires, does the deed of trust documents and the loan documents, does it explain to a borrower that this debt may be transferred, and that's why MERS is named and that MERS will be the agent that makes sure the appropriate lender down the chain, a few years after this debt is incurred, that MERS is there to make sure that the appropriate lender is notified that some action is being taken? There is language in the deed of trust and the note talking about the assignability and the fact that your note may be signed several times and making that clear to a borrower. And so there is language in there. I'm not sure, Your Honor, that there is language expressly tying the fact that your note may be transferred to the role of MERS, but MERS is identified three times in the deed of trust as beneficiary and nominee for the lender and the lender's successors and assigns. And here the borrower knew that Southstar Funding, the originating lender, was defunct and out of business. They knew that. So, you know, the next question is, if you're making mortgage payments on your loan to someone and you know Southstar is out of business and they're defunct, why aren't you naming the party that you're making the mortgage payments to and why aren't you naming MERS, which is identified as the beneficiary and nominee for Southstar's successors and assigns? How did they know if Southstar was defunct? They allege it in their own quiet title complaint. So that's how I can say that they knew. So I would just conclude that, you know, a borrower should not be able to do this. The state court, the state law in California required the naming of known adverse claimants. MERS was a known adverse claimant, a successor and assign to Southstar. They were not named and, you know, just as was held in Robinson, that means that the state court judgment is void and should be expunged from the land records and that's what the district court found. And all the other trimmings and trappings of legal arguments raised here, just they're addressed in our briefs in detail, but the bottom line being a borrower should not be able to do this. And with that, Your Honors, unless you have further questions, I would rest. It appears not. Thank you. Rebuttal. Let's put one minute. Thank you very much, Your Honors. Very quickly, I just want to clarify that MERS is an agent acting as the beneficiary, only that. There is no reason to name a servicer. You only need to name the actual lender. And according to the record. Straightens me out on one thing. The deed of trust, the original deed of trust, names MERS. Yes, it does. And it's signed by your client. Yes. And he reads. He does. But caveat, Your Honor, I don't know how many loans you've had, but what they do is they hand you a stack of papers this big and they say go through it. But I understand, and never once, even though it's in paper, is MERS' real role explained? Why should it explain real role, who owns it, who the board of directors is, what their financial statements are? Who cares? MERS is described as a beneficiary that's having an interest in the property. In the original deed of trust signed by your client. Next. They are, again, MERS is not bound by the judgment. Only Bank of New York Mellon is. And Rooker Feldman boots it out because they can't come in after the fact and try to appeal a state court judgment, which is a de facto appeal. Counsel, if we agree with the district court in Robinson as affirmed by our court, do you lose? Yes, but the facts are actually different. We basically said the difference is that MERS is a, they're saying that MERS is an agent and a beneficiary, making it sound like they have some kind of monetary gain that they're supposed to get. They contribute nothing. All they do is hide and conceal the actual title until something like this shows up and it just sneaks in and there you go. There you have it. All right. Thank you, counsel. Thank you very much. We understand your argument. Thank you to both counsel for your helpful arguments. The case just argued is submitted for decision by the court.
judges: Rawlinson, Bea, Bastian